# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MONIQUE A. GUTIERREZ,**

      **Plaintiff,**

**v.**                                                                **Case No: 6:22-cv-2186-ACC-EJK**

**QUICK FLIP CREDIT LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion"), filed January 17, 2023. (Doc. 14.) Upon consideration, the Motion is due to be denied without prejudice.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

Defendant has not responded to the Complaint or otherwise appeared, and the time to do so has so expired. Fed. R. Civ. P. 12(a) (providing that a defendant must

file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendant.

For corporate defendants, the Federal Rules of Civil Procedure provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). Defendant is a New Jersey limited liability company; thus, New Jersey's procedures on service of process will apply.[1]

---

[1] N.J. REV. STAT. § 2A:15-30.1 provides:

> 1. a. If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served at the address or on the agent registered.
>
> b. If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served on the State official or agency, if:

Quick Flip Credit LLC is a New Jersey Domestic Limited-Liability Company. Jeffrey Veloz, Quick Flip's Registered Agent, is located at 4 Cumberland Ct., Franklin Township, NJ 08873.[2] On December 20, 2022, Plaintiff served Linda Veloz, wife of Jeffrey Veloz, at their residence at 4 Cumberland Ct. (Doc. 14.) It is unclear from the information currently before the Court whether service was proper on Defendant due to service on the wife of Defendant's Registered Agent. Thus, the Court will deny the motion for entry of default against Defendant without prejudice, and Plaintiff may renew her motion against Defendant with additional briefing and supporting documentation to establish that service was properly effected.

---

> (1) The business entity has failed to register or re-register as required by law; or
>
> (2) The business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law.
>
> c. The official or agency upon which substituted service has been made, within two days after service, shall notify the business entity to which the process was directed, by a letter to its registered office, if any, or to any officer of the entity known to the official or agency. A copy of the process or other paper served shall be enclosed with the letter.
>
> d. Service of process as provided in subsection (a) shall be as effective in any action as if the business entity had entered its general appearance in the action.

[2] *Quick Flip Credit LLC*, Bizapedia.com, https://www.bizapedia.com/nj/quick-flip-credit-llc.html (last visited March 9, 2023).

Accordingly, Plaintiff's Motion for Entry of Clerk's Default (Doc. 14) is **DENIED without prejudice**. Plaintiff may file a renewed motion in accordance with this order, or, alternatively, may re-serve Defendant.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE