# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MONIQUE A. GUTIERREZ,**

      **Plaintiff,**

v.                                                  Case No: 6:22-cv-2186-ACC-EJK

**QUICK FLIP CREDIT LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Clerk's Default Against Quick Flip Credit, LLC (the "Motion"), filed April 14, 2023. (Doc. 16.) Upon consideration, the Motion is due to be denied.

Plaintiff filed a Complaint against Defendant Quick Flip Credit, LLC, on November 23, 2022, alleging damages pursuant to the Credit Repair Organizations Act, 15 U.S.C. § 1679. (Doc. 1.) On December 20, 2020, the Summons and Complaint were served on Defendant's Registered Agent's wife, Linda Velos, at 4 Cumberland Ct., Somerset, NJ 08873. (Doc. 13.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no

obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

Defendant is a New Jersey corporate entity. (Doc. 1.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A).

Plaintiff asserts it served Defendant through its Registered Agent's wife, pursuant to New Jersey's procedure on service of process.[1] (Doc. 16 ¶¶ 6–7.) Upon review of the New Jersey statute, it is unclear whether Defendant was properly served through the Registered Agent's spouse. While Linda Velos presumably resides with

---

[1] N.J. REV. STAT. § 2A:15-30.1 provides:

> 1. a. If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served *at the address or on the agent registered.*

(emphasis added).

the Registered Agent at this address, since that was where she was served, the Court is not persuaded that the information provided establishes that service was properly effected on Quick Flip Credit, LLC, by service on Linda Velos. *See* N.J. REV. STAT. § 2A:15-30.1.

Accordingly, Plaintiff's Renewed Motion for Entry of Clerk's Default Against Quick Flip Credit, LLC (Doc. 16) is **DENIED without prejudice**. Plaintiff may file a renewed motion that establishes why service on Linda Velos was sufficient to serve Quick Flip Credit, LLC, or Plaintiff may re-serve Defendant in accordance with the federal rules and New Jersey law.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE